**08 CV 03302**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
:
NML CAPITAL, LTD.,                               :
                                                 :
       Plaintiff,                                :
                                                 :     08 Civ. _____ (   )
       v.                                       :
                                                 :
THE REPUBLIC OF ARGENTINA,                       :     **COMPLAINT**
                                                 :
       Defendant.                                :
                                                 :
------------------------------------------------ X

[Stamp: RECEIVED APR 02 2008 U.S.D.C. S.D.N.Y. CASHIERS]

       Plaintiff, NML Capital, Ltd., ("NML"), by and through its undersigned counsel, as and for its Complaint against Defendant Republic of Argentina ("Argentina"), alleges as follows:

### NATURE OF THE ACTION

       1.    This is a breach of contract action arising from Argentina's failure to make contractually mandated principal and interest payments on certain notes issued by Argentina and beneficially owned by NML. The notes in question were issued pursuant to a Fiscal Agency Agreement, dated October 19, 1994 (the "Agreement") between Argentina and Bankers Trust Company, as Fiscal Agent. For its relief, NML seeks payment of the principal amount of the notes together with any accrued and unpaid interest, as provided for in the Agreement and pursuant to the terms of the notes. A true and correct copy of the Agreement is annexed hereto as Exhibit A.

13133039

## THE PARTIES

2. Plaintiff NML is a corporation organized and existing under the laws of the Cayman Islands.

3. Defendant Republic of Argentina is a Foreign State as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330, as Argentina is a Foreign State which has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of the Agreement by holders of notes issued thereunder and is, therefore, not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement.

5. In addition, Argentina consented in the Agreement to submit to the jurisdiction of this Court in respect of actions arising out of the Agreement or notes issued thereunder. Pursuant to Section 22 of the Agreement, Argentina appointed Banco de la Nacion Argentina, which currently maintains offices at 225 Park Avenue, New York, New York 10169, as its authorized agent for service of process. Section 23 of the Agreement provides that the Agreement shall be "governed by, and interpreted in accordance with, the laws of the State of New York."

6. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

13133039

## FACTUAL ALLEGATIONS

The FRANs

7.  NML is the beneficial owner of $29,850,000.00 principal amount of Floating Rate Accrual Notes issued by Argentina, ISIN US040114AX83 (the "FRANs"). A true and correct copy of the JP Morgan Global Settled Holdings COB Report, dated March 21, 2008, showing NML's current total beneficial ownership of $132,000,000.00 principal amount and the necessary identifying information regarding NML's beneficial interest in the FRANs, is annexed hereto as Exhibit B. The $132,000,000.00 is comprised of the $32,000,000.00 principal amount of FRANs that is the subject of NML Capital, Ltd. v. The Republic of Argentina, 05 Civ. 2434 (TPG), the $54,850,000.00 principal amount of FRANs that is the subject of NML Capital, Ltd. v. The Republic of Argentina, 06 Civ. 6466 (TPG), the $15,300,000.00 principal amount of FRANs that is the subject of NML Capital, Ltd. v. The Republic of Argentina, 07 Civ. 2690 (TPG), and the $29,850,000.00 principal amount of FRANs that is the subject of this action. A true and correct copy of the Prospectus Supplement pertaining to the FRANs, dated March 27, 1998, is annexed hereto as Exhibit C.

8.  NML acquired the $29,850,000.00 of the FRANs at issue in this action in two transactions: $15,000,000.00 on March 12, 2008 and $14,850,000.00 on March 19, 2008. True and correct copies of the JP Morgan Consolidated Settlement ITD Report statements showing NML's purchase of the FRANs is annexed hereto as Exhibit D.

9.  The FRANs are a Series of Securities under the terms of the Agreement.

13133039

10.  Pursuant to the Agreement, the FRANs are held of record by an institution designated by the issuer as the "depositary," or its nominee, which maintains them in accounts at one or more financial institutions known as "participants." Investors such as NML own beneficial interests in the FRANs through the participants. In this case, the depositary is the Depositary Trust Company (the "Depositary"). The FRANs are held of record by the Depositary's nominee, Cede & Co., and the participant through which NML owns its beneficial interest in the FRANs is JP Morgan Chase Bank.

The Republic of Argentina's Default

11.  Pursuant to Section 12 of the Agreement, the following occurrences, inter alia, constitute Events of Default:

> (a) Non-Payment: the Republic fails to pay any principal amount of any of the Securities of such Series when due or payable or fails to pay any interest on any of the Securities of such Series when due or payable and such failure continues for a period of 30 days or
>
> \* \* \*
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic . . . .

12.  In or about December 2001, Argentina declared a moratorium on the payment of principal and interest with respect to all of its foreign debt.

13.  The FRANs matured on April 10, 2005, at which time the entire principal amount of the FRANs became due and payable. Argentina failed to pay the principal amount of the FRANs owed to the Plaintiff as a beneficial owner of the FRANs upon maturity.

13133039

14. Since the Republic of Argentina declared the moratorium in or about December 2001, it has failed to make any payment of interest owed to Plaintiff as a beneficial owner of the FRANs.

## CLAIM FOR RELIEF
(For Breach of Contract)

15. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 herein.

16. By reason of the foregoing, Argentina has breached its contractual obligations to NML, and Argentina is liable to NML for damages in an amount to be determined at trial, but not less than $29,850,000.00 together with all accrued and unpaid interest due under the terms of the FRANs.

WHEREFORE, Plaintiff NML demands judgment against the Republic of Argentina as follows:

17. Awarding NML a money judgment in an amount to be determined at trial, but not less than $29,850,000.00 together with all accrued and unpaid interest due under the terms of the FRANs.

18. Awarding NML its costs, prejudgment interest, attorneys' fees and such other and further relief as the Court shall deem just and proper.

13133039

Dated: New York, New York
April 2, 2008

DECHERT LLP

By: _____

Robert A. Cohen
Dennis H. Hranitzky
Dechert LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500 (phone)
(212) 698-3599 (facsimile)
dennis.hranitzky@dechert.com

and

Kevin S. Reed
Quinn Emanuel Urquhart Oliver &
Hedges LLP
51 Madison Avenue
New York, New York 10001
(212) 849-7000 (phone)
(212) 849-7100 (facsimile)

*Attorneys for Plaintiff NML Capital, Ltd.*

13133039