UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
NML CAPITAL, LTD.,

               Plaintiff,

      - against -

THE REPUBLIC OF ARGENTINA,

               Defendant.
------------------------------------------------------------------- X

08 Civ. 3302 (TPG)

**ANSWER**

Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated April 2, 2008 (the "Complaint"), respectfully states as follows:

1. The first sentence of Paragraph 1 of the Complaint purports to characterize the nature of the action brought, and, accordingly, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. To the extent Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

2. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, except admits that in <u>NML Capital, Ltd. v. Republic of Argentina</u>, No. 03 Civ. 8845 (TPG), plaintiff has produced documents evidencing that NML Capital, Ltd. is a Cayman Islands corporation.

3. Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

4. Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

5. Paragraph 5 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 5 of the Complaint for its true and correct contents. To the extent Paragraph 5 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

6. Paragraph 6 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it issued a bond having ISIN No. US04011AX83. Paragraph 7 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 7 of the Complaint for their true and correct contents.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint. Paragraph 8 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the

referenced documents and refers to the documents cited in Paragraph 8 of the Complaint for their true and correct contents.

9. Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents.

10. The allegations contained in Paragraph 10 of the Complaint are based upon the contents of a written document, which document speaks for itself. The Republic denies any characterizations inconsistent with the contents of the document on which the allegations are based, and refers to the document cited in Paragraph 10 for its true and correct contents. To the extent Paragraph 10 constitutes a conclusion of law, no responsive pleading is required. The Republic admits that plaintiff is not the holder of record of the bonds on which it sues in this action and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 of the Complaint for its true and correct contents.

12. The Republic denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

3

Paragraph 13 of the Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

14. The Republic denies the allegations contained in Paragraph 14 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

15. The Republic repeats and realleges its responses to paragraphs 1 through 14 of the Complaint.

16. Paragraph 16 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 18 of the Complaint.

### First Affirmative Defense

19. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

20. Plaintiff's claim is barred by the act of state doctrine.

### Third Affirmative Defense

21. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

22. Plaintiff's claim is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

23. Plaintiff's claim is barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

24. Plaintiff's claim is barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

26. Plaintiff's interest claims, if any, arising before April 2, 2003 are barred in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

27. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claim with prejudice;

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

5

   (b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

   (c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   June 2, 2008

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By: _____
                  Jonathan I. Blackman (jblackman@cgsh.com)
                  Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                One Liberty Plaza
                New York, New York 10006
                (212) 225-2000

                Attorneys for the Republic of Argentina