UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NML CAPITAL, LTD., : 08 Civ. 3302 (TPG)
: ECF Case
              Plaintiff, :
:
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
              Defendant. :

---

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DECHERT LLP
Robert A. Cohen
Dennis H. Hranitzky
Susan Y. Shamoto
1095 Avenue of the Americas
New York, NY  10036-6796
(212) 698-3500

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Kevin S. Reed
51 Madison Avenue
New York, New York  10010
(212) 849-7000

*Attorneys for Plaintiff NML Capital, Ltd.*

13239869.1

## TABLE OF CONTENTS

                                                                                   **Page**

PRELIMINARY STATEMENT ...................................................................................................... 1

THE UNDISPUTED FACTS .......................................................................................................... 2

I.     THE FRANS AT ISSUE IN THIS ACTION ...................................................................... 2

II.    ARGENTINA'S DEFAULT ON THE FRANS ................................................................... 3

III.   CONCURRENT LITIGATION INVOLVING ARGENTINA'S FOREIGN DEBT ..................... 4

ARGUMENT ................................................................................................................................... 5

I.     THE SUMMARY JUDGMENT STANDARD .................................................................... 5

II.    ARGENTINA'S DECLARATION OF A MORATORIUM AND ITS FAILURE TO PAY INTEREST ON THE FRANS ENTITLES NML TO SUMMARY JUDGMENT ............... 6

       A.    Argentina Is Collaterally Estopped From Relitigating The Issue Of Its Obligation To Pay On The FRANs ............................................................................ 6

       B.    NML Would Be Entitled To Summary Judgment Even If It Had To Relitigate The Issue Of Argentina's Liability On The FRANs ......................................... 8

       C.    Argentina's Affirmative Defenses Fail to Raise Any Factual Issues ................................ 8

CONCLUSION ............................................................................................................................... 11

## TABLE OF AUTHORITIES

### CASES

Page(s)

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)..................................................................................................... 5

Aniero Concrete Co. v. New York City Constr. Auth.,
    No. 94 Civ. 3506, 2000 WL 863208 (S.D.N.Y. June 27, 2000)..................................... 9

Applestein v. Republic of Argentina,
    No. 02 Civ. 4124 (TPG), 2003 WL 22743762 (S.D.N.Y. Nov. 20, 2003)...................... 4

Dvoskin v. Prinz,
    613 N.Y.S.2d 654 (2d Dep't 1994) ................................................................................ 5

EM Ltd. v. Republic of Argentina,
    No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003)............. 4, 7, 9

FFI Fund, Ltd. v. Republic of Argentina,
    No. 05 Civ. 3328 (TPG), 2006 WL 435734 (S.D.N.Y. Feb. 23, 2006)................. 4, 7, 10

Gelb v. Royal Globe Ins. Co.,
    798 F.2d 38 (2d Cir. 1986) ............................................................................................. 7

Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina,
    No. 05 Civ. 4246 (TPG), 2006 WL 397908 (S.D.N.Y. Feb. 17, 2006)........................ 4, 7

IBM Corp. v. Burlington Air Express, Inc.,
    No. 98 Civ. 2503 (TPG), 2000 WL 890196 (S.D.N.Y. July 5, 2000) ............................ 5

LeBlanc-Sternberg v. Fletcher,
    67 F.3d 412 (2d Cir. 1995) ............................................................................................. 6

Lightwater v. Corp. Republic of Argentina,
    Nos. 02 Civ. 3804, 3808 & 5932 (TPG), 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) .... 4, 7, 8, 9

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)..................................................................................................... 5

NML Capital, Ltd. v. Republic of Argentina,
    No. 07 Civ. 2690 (TPG) (S.D.N.Y. April 2, 2007).......................................... 2, 3, 4, 6, 7, 8, 9, 10

Omni Quartz, Ltd. v. CVS Corp.,
    287 F.3d 61 (2d Cir. 2002) ............................................................................................. 5

Parklane Hosiery Co. v. Shore
    439 U.S. 322 (1979)..................................................................................................... 6

Pasquali v. Republic of Argentina,
    No. 05 Civ. 10636 (TPG), 2006 WL 3316975 (S.D.N.Y. Nov. 14, 2006) ............... 4, 7, 8, 9, 10

Rexnord Holdings, Inc. v. Bidermann,
    21 F.3d 522 (2d Cir. 1994) ............................................................................................ 9

Sabetay v. Sterling Drug, Inc.,
    506 N.E. 2d 919 (N.Y.1987) ......................................................................................... 9

Valley Nat'l Bank v. Greenwich Ins. Co.,
    254 F. Supp. 2d 448 (S.D.N.Y. 2003) ........................................................................... 6

## STATUTES

Fed. R. Civ. P. 56 ........................................................................................................................... 5

## MISCELLANEOUS

N.Y. JUD. LAW § 489 (McKinney 2005) ................................................................................ 8, 10

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Plaintiff NML Capital, Ltd., ("NML") respectfully submits this memorandum of law, together with the Declaration of Elliot Greenberg, dated July 23, 2008 (the "Greenberg Decl."), the Declaration of Susan Shamoto, dated July 25, 2008 (the "Shamoto Decl."), and NML's Statement of Material Facts Pursuant to Local Rule 56.1 in support of its motion for summary judgment against defendant, the Republic of Argentina ("Argentina").

## PRELIMINARY STATEMENT

NML seeks summary judgment on its claim for relief in the Complaint based upon Argentina's failure to pay interest and principal on Floating Rate Accrual Notes issued by Argentina, designated ISIN US040114AX83 ("FRANs")[1] which are beneficially owned by NML. NML is entitled to summary judgment based on the following incontestable facts:

- NML is the beneficial owner of the FRANs on which its claim is based;

- Argentina declared a moratorium in December 2001 on payments of principal and interest with respect to its foreign debt, at which time Argentina ceased all payments on its external debt obligations – including the FRANs owned by NML;

- The FRANs matured on April 10, 2005, at which time the entire principal amount became due and payable; and

- Argentina has not paid NML anything on the FRANs and is therefore in default on its unconditional obligation to pay NML on those FRANs.

---

[1]  A Floating Rate Accrual Note is a bond carrying a variable interest rate that is periodically adjusted within a predetermined range. For the FRANs at issue in this case, the interest rate formula is set out in the Prospectus Supplement pertaining to the FRANs, dated March 27, 1998. See Prospectus Supplement for the FRANs, attached as Exhibit 2 to the Shamoto Decl., at S-6 to S-8.

13239869.1

Accordingly, there are no genuine issues as to any material fact; NML's unimpeachable documentary evidence establishes that NML is entitled to summary judgment.

## THE UNDISPUTED FACTS

### I. The FRANs At Issue In This Action.

NML is the beneficial owner of certain FRANs. Account statement from JPMorgan, dated July 23, 2008, attached as Exhibit 2 to the Greenberg Decl.[2] Argentina issued the FRANs pursuant to a Fiscal Agency Agreement dated October 19, 1994 ("FAA"). FAA, attached as Exhibit 1 to the Shamoto Decl.; Prospectus Supplement for the FRANs, attached as Exhibit 2 to the Shamoto Decl. The $132,000,000.00 principal amount of NML's FRANs is comprised of the $29,850,000.00 principal amount that is the subject of this action, plus (1) the $32,000,000.00 principal amount that is the subject of a related litigation, NML Capital, Ltd. v. Republic of Argentina, No. 05 Civ. 2434 (TPG) (S.D.N.Y. February 28, 2005) ("NML II"); (2) the $54,850,000.00 principal amount that is the subject of another related litigation, NML Capital, Ltd. v. Republic of Argentina, No. 06 Civ. 6466 (TPG) (S.D.N.Y. August 25, 2006) ("NML III"); and (3) the $15,300,000.00 principal amount that is the subject of another related litigation, NML Capital, Ltd. v. Republic of Argentina, 07 Civ 2690 (TPG) (S.D.N.Y. April 2,

---

[2] The FRANs are held by an institution that Argentina designated as a "depositary," which then issued "participations" to brokers or "participants," who in turn sell beneficial interests to the investing public. See Prospectus Supplement for the FRANs (Shamoto Decl. Ex. 2) at S9-S10. The participants represent the beneficial interests of the ultimate owners of those interests (such as NML). Id. Each beneficial owner owns a portion of the aggregate principal amount of the FRANs. Id. In this case, the holder of record of the FRANs is Cede & Co., which is nominee of the depositary, the Depository Trust Company, and NML's beneficial interest in the FRANs is credited to the participant account at the Depositary of JPMorgan Chase Bank ("JPMorgan"), as participant and custodian of the FRANs, on behalf of NML. Id.; see also Greenberg Decl. ¶ 6.

2007) ("NML V") - all cases in which the Court has granted NML's motions for summary judgment. The $29,850,000.00 principal amount at issue in this action was purchased by NML in two transactions: $15,000,000.00 on March 12, 2008 and $14,850,000.00 on March 19, 2008. See Account Statements from JPMorgan, dated March 14, 2008 and March 24, 2008, attached as Exhibit 1 to the Greenberg Decl.

Pursuant to the FAA, Argentina (1) consented to the personal jurisdiction of this Court (FAA (Shamoto Decl. Ex. 1), § 22); (2) consented to service of process by service on its agent, Banco de la Nación Argentina, in New York City (id.); (3) waived sovereign immunity to the fullest extent permitted by law (id.); and (4) agreed that the FAA would be governed by and construed in accordance with the laws of the State of New York. Id. § 23.

## II.   Argentina's Default On The FRANs.

On December 24, 2001, Argentina "declared a moratorium on payments of principal and interest on [its] external debt." NML V, No. 07 Civ. 2690, at 2 (S.D.N.Y. April 10, 2008); CNN.com article, dated December 24, 2001, attached as Exhibit 3 to the Shamoto Decl. Since declaring the moratorium, Argentina has made no payments of interest or principal – a fact it acknowledged in its Answer. See Answer, attached as Exhibit 4 to the Shamoto Decl., ¶ 13 ("since December 2001 [Argentina] has not paid interest or principal on nonperforming debt"). The moratorium is still in effect. Indeed, Argentina repudiated its external indebtedness as part of its January 2005 restructuring. Argentine Law No. 26,017, attached as Exhibit 5 to the Shamoto Decl. The FRANs matured on April 10, 2005, since which time Argentina has had an unconditional obligation to pay NML the entire principal amount and accrued interest due on the

FRANs. Prospectus Supplement for the FRANs, (Shamoto Decl. Ex. 2), at S-6. Argentina failed to do so and thus remains in default. Greenberg Decl. ¶ 7.

### III. Concurrent Litigation Involving Argentina's Foreign Debt.

This Court has already held in scores of cases that Argentina is in default on sovereign debt that, like the FRANs at issue here, are governed by the FAA. Most materially for this motion, on April 10, 2008, the Court granted NML's motion for summary judgment in NML V for $15,300,000.00 principal amount of FRANs, plus accrued interest, based on this finding. Similarly, the Court has granted summary judgment to beneficial owners of sovereign debt governed by the FAA in many other cases, finding that "[t]he obligations of [Argentina] on the bonds involved in these lawsuits are unconditional. Sovereign immunity has been waived. [Argentina] defaulted on the bonds when it ceased to pay the interest." See, e.g., Lightwater v. Corp. Republic of Argentina, Nos. 02 Civ. 3804, 3808 & 5932 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003).[3]

---

[3] See also Pasquali v. Republic of Argentina, No. 05 Civ. 10636 (TPG), 2006 WL 3316975, at *3 (S.D.N.Y. Nov. 14, 2006); FFI Fund, Ltd. v. Republic of Argentina, No. 05 Civ. 3328 (TPG), 2006 WL 435734, at *2 (S.D.N.Y. Feb. 23, 2006); Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina, No. 05 Civ. 4246 (TPG), 2006 WL 397908, at *2 (S.D.N.Y. Feb. 17, 2006); EM Ltd. v. Republic of Argentina, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003), aff'd, 382 F.3d 291 (2d Cir. 2004); Applestein v. Republic of Argentina, No. 02 Civ. 4124 (TPG), 2003 WL 22743762, at *3 (S.D.N.Y. Nov. 20, 2003).

**ARGUMENT**

I. **The Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Once the movant presents evidence to support each of the elements of its claim, the burden shifts to the non-moving party to present evidence of a real factual dispute as to a material issue in the case. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Summary judgment is particularly appropriate where, as here, the issue before the Court is the interpretation of an unambiguous contract. See Omni Quartz, Ltd. v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment."). "It is a basic principle of contract law that absent fraud, bad faith, gross mistake, or public policy considerations, contractual terms that are clear and unambiguous should be enforced." IBM Corp. v. Burlington Air Express, Inc., No. 98 Civ. 2503 (TPG), 2000 WL 890196, at *4 (S.D.N.Y. July 5, 2000). Under New York law, the holder of a debt instrument establishes a prima facie entitlement to summary judgment by demonstrating the existence of the debt obligation and the defendant's default. See Dvoskin v. Prinz, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on

- 5 -

promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon."); Valley Nat'l Bank v. Greenwich Ins. Co., 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotations omitted).

II.  **Argentina's Declaration Of A Moratorium And Its Failure To Pay Interest On The FRANs Entitles NML To Summary Judgment.**

   A.  **Argentina Is Collaterally Estopped From Relitigating The Issue Of Its Obligation To Pay On The FRANs.**

This Court has already granted summary judgment to plaintiff bondholders in scores of similar actions based upon its finding that Argentina's declaration of a moratorium and its failure to pay interest on bonds issued pursuant to the FAA constituted a default, thereby entitling the plaintiffs in those cases to judgment in the principal amount of their bonds and all accrued interest. See, e.g., NML V, No. 07 Civ. 2690, at 4 (S.D.N.Y. April 10, 2008) ("This Court has already granted summary judgment in other case to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA.") (citations omitted). NML is thus entitled to the application of collateral estoppel to preclude Argentina from relitigating that issue in this case. See LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 433-34 (2d Cir. 1995) (collateral estoppel bars party from "relitigating an issue that it has litigated unsuccessfully in another action") (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979)). With Argentina's default thus established, and with NML's ownership of its FRANs incontestable, NML's right to summary judgment is clear.

The Second Circuit has established a four-part test to determine when the doctrine of collateral estoppel should be applied:

> (1) the issues in both proceedings must be identical;
>
> (2) the issue in the prior proceeding must have been actually litigated and actually decided;
>
> (3) there must have been a full and fair opportunity for litigation in the prior proceeding; and
>
> (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986). Each of these factors is present here. First, this motion presents the identical issue presented in NML V, among other actions – i.e., whether Argentina's admitted failure to pay interest due and owing on FRANs issued pursuant to the FAA constitutes a default under the FAA, entitling NML to recover all outstanding principal and accrued interest. Second, in all the prior cases, the Court actually decided that Argentina is, in fact, in default and that bondholders are entitled to full payment. E.g., Pasquali, 2006 WL 3316975, at *3; NML V, No. 07 Civ. 2690, at 4 (S.D.N.Y. April 10, 2008); FFI Fund, 2006 WL 435734, at *2; Greylock, 2006 WL 397908, at *2. Third, as the Court recognized in granting summary judgment in the Greylock and EM cases, the issue of Argentina's default was actually litigated and decided in Lightwater after the Court afforded Argentina a full and fair opportunity for litigation. Greylock, 2006 WL 397908, at *1; EM, 2003 WL 22120745, at *2. Finally, because the judgments granted in all of those cases were for damages resulting from Argentina's default on its sovereign debt, the issue of Argentina's default was obviously necessary to support the Court's final judgments in those cases.

### B. NML Would Be Entitled To Summary Judgment Even If It Had To Relitigate The Issue Of Argentina's Liability On The FRANs.

Even if the Court were willing to permit Argentina to relitigate the issue of its default and liability on NML's FRANs, summary judgment would nevertheless be warranted. There can be no dispute that NML is the beneficial owner of the FRANs at issue in this case. Similarly, there can be no dispute that Argentina defaulted when declared a moratorium in December 2001, and has remained in default by failing to make any payment on the FRANs since declaring that moratorium. See Answer (Shamoto Decl. Ex. 4), ¶ 13 (conceding that Argentina has made no debt servicing payments on bonds since December 2001). Indeed, Argentina went so far as to pass a law repudiating its external debt under the FAA, including the FRANs at issue in this action. Argentine Law No. 26,071 (Shamoto Decl. Ex. 5).

### C. Argentina's Affirmative Defenses Fail to Raise Any Factual Issues.

All of the affirmative defenses set forth in Argentina's answer have already been rejected by the Court in granting summary judgment to other plaintiff bondholders, including NML, and are without merit as a matter of law. Argentina asserts eight affirmative defenses in this action: (1) failure to state a claim; (2) the act of state doctrine; (3) lack of good faith; (4) unclean hands; (5) abuse of rights; (6) champerty under N.Y. Judiciary Law § 489; (7) lack of standing and/or capacity to sue; and (8) statute of limitations. See Answer (Shamoto Decl. Ex. 4), pp. 4-5. Argentina raised all of these defenses in NML V, the first of seven of these defenses in Pasquali, and the first six in EM and Lightwater, among other actions. See Answer in NML V, attached as Exhibit 6 to the Shamoto Decl.; Answer in Lightwater, attached as Exhibit 7 to the Shamoto Decl.; Answer in EM, attached as Exhibit 8 to the Shamoto Decl.; Answer in Pasquali, attached as Exhibit 9 to the Shamoto Decl. In granting summary judgment for the plaintiff

bondholders, the Court rejected all of those defenses – finding that they do not create a genuine issue of material fact as to the plaintiffs' entitlement to full payment. NML V, No. 07 Civ. 2690, at 4 (S.D.N.Y. April 10, 2008); Pasquali, 2006 WL 3316975, at *3; EM, 2003 WL 22120745, at *2; Lightwater, 2003 WL 1878420, at *4.

Argentina's First Affirmative Defense for failure to state a claim is clearly unavailing. Certainly, NML has alleged all the requisite elements under New York law for breach of contract, including the existence of the contract, its own performance, Argentina's breach, and damages. See Answer (Shamoto Decl. Ex. 4). Accord Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994). As far as its Second Affirmative Defense is concerned, Argentina admitted in its Answer that the Court in Lightwater addressed and rejected this defense (as well as the champerty and abuse of rights defenses). See Answer (Shamoto Decl. Ex. 4), p. 5 n.1 ("The Republic pleads these [act of state and abuse of rights] Affirmative Defenses here to preserve them for potential appellate review."); see also Lightwater, 2003 WL 1878420, at **3-5.

Argentina's Third and Fourth Affirmative Defenses for bad faith and unclean hands must also be rejected as a matter of fact since the unambiguous terms of the FAA entitle plaintiffs to payment of principal and interest due and payable. NML merely seeks to enforce its contractual rights, and Argentina cannot use the obligation of good faith and fair dealing to create terms that are inconsistent with the other terms of the contractual relationship. Sabetay v. Sterling Drug, Inc., 506 N.E. 2d 919, 922 (N.Y.1987). Moreover, the defense of unclean hands in unavailable in actions seeking money damages, as is the case here. See Aniero Concrete Co. v. New York City Constr. Auth., No. 94 Civ. 3506, 2000 WL 863208, at *10 (S.D.N.Y. June 27,

2000) ("unclean hands is 'an equitable defense to equitable claims,' not to actions at law which seek money damages") (citations omitted). Furthermore, as noted above, Argentina conceded in its Answer that its Fifth Affirmative Defense, abuse of rights, has already been addressed and rejected in Lightwater. Answer (Shamoto Decl. Ex. 4), p. 5 n.1.

With respect to its Sixth Affirmative Defense, champerty under N.Y. Judiciary Law § 489, Argentina asserts that "facts may exist in the present case that were not before the Court" in the cases in which this Court has already expressly rejected that affirmative defense. Id. But Argentina's consistently unsuccessful champerty argument has no more validity in this action than in any of the others in which it was rejected. Indeed, just like Lightwater and EM, NML bought the FRANs with the intention of collecting on them, and thus there is no violation of § 489.

Finally, Argentina's Seventh Affirmative Defense for lack of standing/capacity to sue has no merit. The Court has held, repeatedly, that beneficial owners of bonds have standing to sue "where the court makes a finding of current ownership." E.g., NML V, No. 07 Civ. 2690, at 4 (S.D.N.Y. April 10, 2008); Pasquali, 2006 WL 3316975, at *3; FFI Fund, 2006 WL 435734, at *2. In NML V, the Court held that an account statement from JP Morgan, as custodian of the FRANs, was sufficient to prove ownership. NML V, No. 07 Civ. 2690 at 4 (S.D.N.Y. April 10, 2008). See also FFI Fund, 2006 WL 435734, at *2 (holding that plaintiff had established proof of current ownership of FRANs where the only evidence proffered was an account statement from a participant institution). The evidence demonstrates that NML is the beneficial owner of $29,850,000.00 principal amount of the FRANs identified as ISIN No. US040114AX83, which Argentina admitted that it issued. Answer (Shamoto Decl. Ex. 4), ¶ 7; Account Statements from

JPMorgan, dated March 14, 2008 and March 24, 2008 (Greenberg Decl. Ex. 1). NML remains the beneficial owner of the $29,850,000.00 principal amount of the FRANs. Greenberg Decl. ¶ 6 and Account Statement from JPMorgan showing total holdings (Greenberg Decl. Ex. 2). Accordingly, Argentina's lack of standing Affirmative Defense is no impediment to granting NML's motion for summary judgment.

## CONCLUSION

For the reasons and based on the authorities set forth above, NML respectfully requests that the Court grant NML's Motion for Summary Judgment.

Dated: New York, New York
       July 25, 2008

DECHERT LLP

By: /s/ Susan Y. Shamoto
Robert A. Cohen
(robert.cohen@dechert.com)
Dennis H. Hranitzky
(dennis.hranitzky@dechert.com)
Susan Y. Shamoto
(susan.shamoto@dechert.com)
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500

Kevin S. Reed
(kevin.reed@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver &
Hedges LLP
51 Madison Avenue
New York, New York 10001
(212) 849-7000

*Attorneys for Plaintiff NML Capital, Ltd.*