UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

NML CAPITAL, LTD.,

                            Plaintiff,

             – against –

THE REPUBLIC OF ARGENTINA,

                        Defendant.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/09

08 Civ. 3302 (TPG)

**OPINION**

Plaintiff is the beneficial owner of certain Floating Rate Accrual Notes ("FRANs")[1] issued by defendant, the Republic of Argentina, on which the Republic defaulted in December 2001.  Plaintiff now moves for summary judgment.  The Republic responds that plaintiff "has improperly redacted purchase price information from the proof offered in support of the motion," and therefore that "the Republic reserves its rights and preserves for appeal all objections to the deficiencies" in this proof.

      The motion for summary judgment is granted.

## Background

      The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA").  The 1994 FAA is

---

[1] A Floating Rate Accrual Note is a note carrying a variable interest rate.  For the FRANs at issue in this case, the interest rate formula is set out in the Prospectus Supplement pertaining to the FRANs, dated March 27, 1998.

the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in <u>Lightwater Corp.</u> <u>Ltd. v. Republic of Argentina</u>, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003).  Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York.  The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default.  A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well.  Paragraph 12 of the FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium.  If either of these events occurs, "each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately."

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults.  <u>Lightwater</u>, 2003 WL 1878420, at *2; <u>Applestein v. Republic of Argentina</u>, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).  The securities that are at issue in this

action matured on April 10, 2005, at which time their principal became due and payable.

The notes that are the subject of this action, and the amounts of the beneficial interests owned by plaintiff, are listed in the following table.[2]

Table 1

| Plaintiff Bond Holder or Beneficial Owner: | NML Capital Limited |
|---|---|
| Face Value: | U.S. $29,850,000.00 |
| ISIN No.: | ISIN No. US040114AX83 |
| Date of Issuance: | Not provided |
| Date of Maturity: | April 10, 2005 |
| Interest Rate/Payable: | Variable |
| Date of Purchase: | March 12, 2008, and March 19, 2008 |
| Acceleration: | Not provided |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statements from JP Morgan dated March 14, 2008, March 24, 2008, and July 24, 2008 |

---

[2] The court notes that the FRANs are technically held by an institution that the Republic designated as a "depositary," which then issued "participations" to brokers or "participants," who in turn sell beneficial interests to the investing public. The participants represent the beneficial interests of the ultimate owners of those interests (such as NML). Each beneficial owner owns a portion of the aggregate principal amount of the FRANs. In this case, the holder of record is Cede & Co., which is nominee of the depositary, the Depository Trust Company, and NML's beneficial interest in the FRANs is credited to the participant account of the depositary of JP Morgan Chase Bank ("JPMorgan"), as participant and custodian of the FRANs, on behalf of NML.

## **Discussion**

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA.  See Mazzini v. Republic of Argentina, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005).  Only certain issues need to be discussed in connection with the present motion.

Standing and Proof of Ownership

In the two opinions in Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership.  See Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, plaintiff has adequately demonstrated through account statements from JP Morgan that it owned the beneficial interests as of July 2008.  There is no evidence of any change of ownership thereafter.

## **Conclusion**

The motion for summary judgment is granted.  Judgment will be entered for the principal amounts of the FRANs plus accrued interest.

The parties shall consult with one another concerning the form of the judgment and the amounts of interest that should be awarded in the judgment. If the parties are able to reach agreement on those subjects, they shall jointly submit an agreed proposed judgment to the court. If the parties are unable to reach agreement on those subjects, plaintiff shall submit a proposed judgment to the court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The court will then resolve any remaining disagreements. Proposed judgments submitted to the court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or otherwise transferring their beneficial interest in the bond(s) involved in this action without advising the Court in advance and obtaining permission of the Court."

SO ORDERED.

Dated: New York, New York
       March 3, 2009

Thomas P. Griesa
U.S.D.J.

- 5 -